(August 22, 1974)

■    THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM BARDWELL.—
Motion to vacate judgment denied on the ground that such a motion is properly
brought in the Supreme Court (CPL 440.30).   Concur — Markewich, J. P.,
Lupiano, Lane, Steuer and Capozzoli, JJ.

(August 26, 1974)

■    LEONARD B. GORDON, Appellant, v. ROSE CATANIA, Respondent-Appel-
lant, and HERBERT J. FEUER et al., Constituting the Board of Elections of the
City of New York, Respondents.— Judgment, Supreme Court, Bronx County,
entered on August 20, 1974, affirmed, without costs and without disbursements.
Concur — Markewich, J. P., Murphy, Tilzer and Capozzoli, JJ.; Kupferman, J.,
dissents and would reverse on the ground of immateriality of the defect.  No
opinion.
■    In the Matter of ALFRED E. LOCASCIO, Respondent, v. HERBERT J. FEUER
et al., Constituting the Board of Elections of the City of New York, Respond-
ents, and VICTOR B. TOSI et al., Respondents-Appellants.— Judgment, Supreme
Court, Bronx County, entered on August 20, 1974, reversed, on the law and the
facts, without costs and without disbursements, and respondent Board of Elec-
tions directed to accept the petition.   There is insufficient evidence to overcome
the rule that a public officer, here the notary public, has performed a duty
imposed by law.  Concur — Markewich, J. P., Kupferman, Tilzer and Capozzoli,
JJ.; Murphy, J., dissents in the following memorandum: I would affirm.  Section
135 of the Election Law establishes the form that a notary public must use as
opposed to other subscribing witnesses.  None of the 19 witnesses who testified
at the hearing presented any evidence of compliance with the statute nor was
the notary produced to testify to adherence to said statute.  On this record the
referee and Special Term's findings should be sustained.  (Matter of Donnelly
v. Dowd, 17 A D 2d 712, affd. 12 N Y 2d 651.)
■    In the Matter of SAMUEL D. MORELL, Appellant, v. BOARD OF ELECTIONS
OF THE CITY OF NEW YORK and BURTON N. DRUCKER et al., Respondents.—
Judgment, Supreme Court, New York County, entered on August 21, 1974,
unanimously affirmed, without costs and without disbursements.  Permission is
granted to appeal to the Court of Appeals.  No opinion.  Concur — Markewich,
J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.
■    In the Matter of ABRAHAM HIRSCHFELD, Appellant, v. HERBERT FEUER
et al., Constituting the Board of Elections of the City of New York, and RAMSEY
CLARK et al., Respondents.— Judgment, Supreme Court, New York County,
entered on August 23, 1974, unanimously affirmed, without costs and without
disbursements.  Permission is granted to appeal to the Court of Appeals.  No
opinion.  Concur — Markewich, J. P., Kupferman, Murphy and Capozzoli, JJ.
■    In the Matter of STEPHANIE LEO, Appellant, v. HEBRERT J. FEUER
et al., Constituting the Board of Elections of the City of New York, and NAIDA
G. MCSHERRY et al., Respondents.— Judgment, Supreme Court, New York
County, entered on August 21, 1974, unanimously affirmed, without costs and
without disbursements.  Permission is granted to appeal to the Court of Appeals.
No opinion.  Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and
Capozzoli, JJ.
■    In the Matter of JOSE E. SERRANO, Appellant, v. SALVATORE SCLAFANI
et al., Constituting the Board of Elections of the City of New York, and RAFAEL

CASTAÑEIRA et al., Respondents.— Judgment, Supreme Court, Bronx County, entered on August 22, 1974, unanimously affirmed, without costs and without disbursements. Permission is granted to appeal to the Court of Appeals. No opinion. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of NELLYS RIOS et al., Appellants, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, and ROBERTO LEBRON et al., Respondents. In the matter of ROBERTO LEBRON et al., Petitioners, v. NELLYS RIOS et al., Respondents.— Judgment, Supreme Court, Bronx County, entered on August 23, 1974, unanimously affirmed, without costs and without disbursements. Permission is granted to appeal to the Court of Appeals. No opinion. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of MIGUEL A. CALDERON, Appellant, v. SALVATORE SCLAFANI et al., Constituting the Board of Elections of the City of New York, and ANIBAL S. ROMAN, JR., et al., Respondents.— Judgment, Supreme Court, New York County, entered on August 16, 1974, unanimously affirmed, without costs and without disbursements. Permission is granted to appeal to the Court of Appeals. No opinion. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ In the Matter of LOUIS NINE, Appellant, v. BOARD OF ELECTIONS and NORRIS COLON et al., Respondents.— Judgment, Supreme Court, Bronx County, entered on August 23, 1974, unanimously affirmed, without costs and without disbursements. Permission is granted to appeal to the Court of Appeals. Concur — Markewich, J. P., Kupferman, Tilzer and Capozzoli, JJ.; Murphy, J., concurs in the following memorandum: Not having had the minutes submitted to us, we are in no position to question the referee's findings or conclusions.

(August 29, 1974)

■ In the Matter of MICHAEL GEORGIADIS, Petitioner, v. GEORGE POSTEL et al., Respondents.— Application in the nature of prohibition unanimously denied, and the petition dismissed, without costs and without disbursements. (*Matter of Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432.) No opinion. Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

SECOND DEPARTMENT, AUGUST, 1974

(August 5, 1974)

■ ADRIAN MILLIN, Respondent, v. LAWRENCE S. MILLIN, Appellant.— Judgment of the Supreme Court, Queens County, entered May 16, 1973, modified, on the law and the facts, by (1) deleting the first two decretal paragraphs, which declare plaintiff to be the equitable owner of the real property in question and direct defendant to deed the property to her and (2) substituting therefor a provision giving plaintiff an equitable lien on the property, limited in amount to the money paid by her out of her own funds at the contract signing and closing and thereafter in reduction of the principal of the mortgage indebtedness and for permanent improvements to the extent that they enhanced the value of the premises, which amount is to be determined upon a remand herein directed. As so modified, judgment affirmed, without costs,